FILED IN OPEN COURT
01/31/2020
TIMOTHY M. O'BRIEN, CLERK
BY _M. Garrett_
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
### (Topeka Docket)

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** |  |
| **Plaintiff,** |  |
| **v.** | **Case No. 19-CR-40021-02-DDC** |
| **HARCROS CHEMICALS, INC.** |  |
| **Defendant.** |  |

## PLEA AGREEMENT PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through Assistant United States Attorney Richard Hathaway, and HARCROS CHEMICALS, INC. by and through an authorized representative and through their counsel, CYNTHIA CORDES, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1

1.     Defendant's Guilty Plea. The defendant agrees to plead guilty to an information filed in this case, charging a violation of Title 42, United States Code, Section 7413(c)(4), that is, a negligent Clean Air Act violation, a Class A misdemeanor. By entering into this Plea Agreement, the defendant admits to being guilty of the offense.  The defendant understands that the maximum sentence which may be imposed as to the information to which it has agreed to plead guilty is as follows: a term of probation of not more than 5 years, 18 U.S.C. § 3561(c)(2); a fine of not more than $200,000.00, 18 U.S.C. § 3571(c)(5), or alternatively, if the offense results in pecuniary loss to a person or entity other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss, 18 U.S.C. § 3571(d); and a $125.00 special assessment, 18 U.S.C. § 3013(a)(1)(B)(iii).

2.     Factual Basis for the Guilty Plea.  The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

a.     Defendant, MGP INGREDIENTS, INC. ("MGPI"), is a Kansas corporation, headquartered in Atchison, Kansas. The acts

described below were made by and through MGPI's subsidiary. Harcros Chemicals, Inc. ("Harcros"), a Kansas corporation,[1] headquartered in Kansas City, Kansas, manufactures and distributes industrial and specialty chemicals and blends throughout the United States. Harcros operates two (2) chemical manufacturing facilities and twenty seven (27) distribution locations. Harcros distributes hazardous materials including sulfuric acid, sodium hydroxide, sodium hypochlorite and propylene oxide to MGPI, which MGPI uses in the processing of product.

b.     At approximately 7:35 AM on October 21, 2016, a driver for defendant Harcros ("the driver") arrived at the MGPI Atchison facility to complete a scheduled delivery of 30% sulfuric acid.

c.     At approximately 7:44 AM, the MGPI operator ("the operator") escorted the Harcros driver to the chemical unloading area. When they reached the rear of the building, the driver set his paperwork on the back of the cargo tank and walked down the passenger side to finish donning his personal protective equipment. Also during this time, the MGPI operator unlocked the gate in front of the transfer equipment and removed the lock on the cam lever dust cap for the sulfuric acid fill line. The MGPI operator placed the lock from the sulfuric acid fill line on the angle iron above the fill line.

d.     The driver then removed the seal from the back of the cargo tank, handed it to the MGPI operator, and retrieved the hose to begin the connection. The driver removed the dust cap from the first unlocked fill line that he saw at the facility, which he thought

---

[1] Harcros Chemicals, Inc.incorporated in Kansas in 2001 is not the same entity as the Harcros Chemicals, Inc. incorporated in Delaware.

to be the sulfuric acid fill line but which was in fact a sodium hypochlorite fill line. The driver connected the hose to the sodium hypochlorite fill line and then connected the other end of the hose to the cargo tank of sulfuric acid and began filling.

e.     Shortly thereafter, a greenish yellow chlorine gas cloud began to form in the area. Approximately four thousand (4,000) gallons of Sulfuric Acid were combined with five thousand eight hundred (5,800) gallons of Sodium Hypochlorite over a forty-five (45) minute period, causing a plume containing toxic chlorine gas.

f.     The Atchison County Department of Emergency Management ordered community members to shelter-in-place and to evacuate in some areas. Over one hundred forty (140) individuals, including members of the public, first responders, MGPI employees and a Harcros employee sought medical attention.

3.     Proposed Rule 11(c)(1)(C) Sentence.  The parties propose, as

an appropriate disposition of the case:

(a)    a fine of $1,000,000.00, to be paid in full on or before the date of

sentencing,

(b)    no order of restitution will be issued[2];

(c)    no sentence of probation; and

---

[2] Any loss sustained by persons affected by the incident that can be reasonably calculated by the government or the court was already paid by MGPI and Harcros.

(d)   the mandatory special assessment of $125.00.

The parties seek this binding plea agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a). If the Court does not agree with the sentence, the defendant and the United States may be restored to the positions they maintained prior to reaching this plea agreement. This plea agreement centers on the defendant's agreement to enter its guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshal's Service and other law enforcement resources.

4.      Application of the Sentencing Guidelines.  The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines.  Because this proposed sentence is sought

5

pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guidelines sentence.

5.     Government's Agreements. In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the Information, for any evidence in the government's possession or any open investigations at this time, nor against Executives, directors, and employees of Harcros. The government agrees to dismiss the indictment as it pertains to Harcros on the date of sentencing.

6.     Consequences for Violating Plea Agreement. The United States' obligations under this plea agreement are contingent upon the defendant's continuing to manifest acceptance of responsibility.  If the defendant denies or gives conflicting statements as to its involvement, falsely denies or frivolously contests relevant conduct at the time of sentencing the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or

6

willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if it has breached this plea agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this plea agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct related to the charges filed; or (4) has otherwise failed to adhere to this Plea Agreement's terms, this Plea Agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this plea agreement, the Defendant understands and agrees that all statements it made, any testimony it gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against it in any and all

7

criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements it made subsequent to this plea agreement.

7.    Whether to Accept the Proposed Plea Agreement and Sentence is Within the Court's Discretion.  The Court has no obligation to accept the proposed plea agreement and sentence.  It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8.    Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.  If the Court agrees to be bound by the proposed plea agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw its guilty plea.  If the Court announces that it will NOT be bound by the proposed plea agreement, the parties agree that at that time, either party may withdraw the

proposed plea agreement, and if either does so, then all parties will be restored to the positions they were in prior to the entry of the defendant's plea. If neither party elects to withdraw the proposed plea agreement at the time the Court announces that it will not be bound, and before the Court proceeds to sentencing, then the parties shall be bound by all the terms of the proposed plea agreement, and the defendant will not be permitted to withdraw his guilty plea.

9.      Payment of Special Assessment. The defendant understands that a mandatory special assessment of $125.00 will be entered against it at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment of the mandatory special assessment in the amount of $125.00 no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment.

10.     Waiver of Appeal and Collateral Attack. The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, its conviction, or

the components of the sentence to be imposed herein.  The defendant is aware that 18 U.S.C. § 3742 affords it the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C).  The defendant also waives any right to challenge its sentence, or the manner in which it was determined, or otherwise attempt to modify or change its sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C).  However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by

18 U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

11.   FOIA and Privacy Act Waiver. The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

12.   Full Disclosure by United States. The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the

11

appropriate sentence in this case.  This may include information concerning its background, character, and conduct, including the entirety of its criminal activities.  The defendant understands these disclosures are not limited to the count to which it is pleading guilty.  The United States may respond to comments the defendant or its attorney makes, or to positions the defendant or its attorney takes, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement.  The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.  The parties do not request a pre-sentence investigation by the United States Probation Office.

13.    Parties to the Agreement.  The defendant understands this plea agreement binds only it and the United States Attorney's Office for the District of Kansas, and that it does not bind any other federal, state,

or local prosecution authority.

14.    No Other Agreements.  The defendant has had sufficient time to discuss this case, the evidence, and this plea agreement with its attorneys and the defendant is fully satisfied with the advice and representation its attorneys provided. Further, the defendant acknowledges that its authorized representative has read the plea agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this plea agreement embodies each and every term of the agreement between the parties.

15.    The defendant acknowledges that it is entering into this plea agreement and is pleading guilty because it is guilty. The defendant

13

further acknowledges that it is entering its guilty plea freely, voluntarily,

and knowingly.

_____          Date: 1.31.20

Richard Hathaway # 07767
Assistant United States Attorney

_____          Date: 1.15.20

Jared Maag
Criminal Supervisor

_____          Date: 1.15.20

Carrie Capwell
Criminal Chief


_____          Date: 1-31-2020

Authorized Representative
Defendant

_____          Date: 1-31-20

Cynthia Cordes
Attorney for defendant HARCROS

14